DECISION.
Plaintiffs-appellants, Jessie L. Demps and Hezekiah K. Demps, appeal the judgment entered by the Hamilton County Court of Common Pleas in favor of defendants-appellees, Cincinnati Museum Center of Natural and Cultural History and Science, the Museum Center Foundation (collectively, "the Museum Center"), and The Galbreath Company ("Galbreath").[1] Galbreath asserts a cross-assignment of error to preserve the judgment under R.C.2505.22.
The Dempses filed suit in 1998, alleging that the negligence of the defendants-appellees had caused Ms. Demps to slip and fall on the premises of the Museum Center. The cause proceeded to a jury trial in April 1999. The jury returned a verdict in favor of the defendants-appellees, and the Dempses appealed.
Because we find Galbreath's cross-assignment of error dispositive of the appeal, we address it first.[2] Galbreath contends that the trial court erred in refusing to enter a directed verdict at the close of the Dempses' case-in-chief. We agree.
Pursuant to Civ. R. 50, the trial court must grant a motion for a directed verdict, when, construing the evidence most strongly in favor of the nonmoving party, it concludes that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party.[3] In the instant case, the Dempses were unable to adduce any evidence that the negligence of the defendants-appellees was the proximate cause of their injuries. None of the Dempses' witnesses was able to identify the cause of Ms. Demps's fall. The witnesses were able to state only that workers were buffing the floor in the general vicinity of the fall. They could not state that the floor at the location of the fall had been buffed or that the defendants-appellees had otherwise caused the fall. Under these circumstances, reasonable minds could conclude only that the Dempses had failed to demonstrate liability.[4] We therefore sustain Galbreath's cross-assignment of error and hold that the motion for a directed verdict should have been granted.
We now turn to the assignments of error raised in the Dempses' brief. In their second and third assignments of error, the Dempses contend that the jury's verdict was based upon insufficient evidence and was contrary to the manifest weight of the evidence. Having found that the case was not properly submitted to the jury because a directed verdict should have been entered, we find the second and third assignments of error to be without merit.
In the first assignment of error, the Dempses argue that the trial court erred in denying their motion for a new jury array. The Dempses, who are African-American, objected to the jury array, which contained no African-Americans. We find this assignment to be moot in light of our disposition of Galbreath's cross-assignment of error. We do note our concern that the jury array in the instant case consisted entirely of Caucasians and arguably did not represent a fair cross-section of the population.[5] Nonetheless, as the Dempses failed to meet their burden of production in demonstrating liability, we need not address the propriety of the trial court's denial of the motion for a new array. The trial court's judgment is accordingly affirmed.
Judgment affirmed.
 DOAN, P.J., concurs.
GORMAN, J., concurs separately.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
[1] The record indicates that Galbreath is responsible for maintaining and cleaning the Museum Center premises.
[2] Although we would not be obligated to address this assignment of error unless we were to find plaintiffs-appellants' assignments of error to warrant reversal, we are not foreclosed from addressing it pursuant to R.C. 2505.22. See Hicks v. WestinghouseMaterials Co. (Sept. 27, 1995), Hamilton App. No. C-940094, unreported, affirmed (1997), 78 Ohio St.3d 95, 676 N.E.2d 872.
[3] Alley v. Wendy's International, Inc. (1995), 107 Ohio App.3d 810,814, 669 N.E.2d 538, 540.
[4] Id. at 815, 669 N.E.2d at 541.
[5] It is well established that the holding of the United States Supreme Court in Batson v. Kentucky (1986), 476 U.S. 79,106 S.Ct. 1712, applies to civil, as well as criminal, cases. See Alley,supra; Edmonson v. Leesville Concrete Co. (1991), 500 U.S. 614,111 S.Ct. 2077.